**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

WOO RI VILLAGE, INC.
8526 Gold Rd Suite J
Niles, IL 60714

        Plaintiff,

  - against-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
20 Massachusetts Ave NW,
Washington DC 20529

        Defendant.

Case No.:

COMPLAINT

---

**COMPLAINT**

**BACKGROUND**

1. This complaint seeks review under the Administrative Procedure Act of a decision of the defendant in File No. LIN2090247411 rejecting Woo Ri Village, Inc. (Woo Ri)'s Form I-290B, contrary to the ordinary language of 8 C.F.R. §§ 103.2(a)(7)(ii), 103.3(a)(2)(v)(B)(2) and 103.5.

**.THE COURT HAS SUBJECT JURISDICTION OVER THIS ACTION.**

1

2. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 551, *et. seq.,* a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## PLAINTIFF HAS NO ADMINISTRATIVE REMEDIES TO EXHAUST

3. Woo Ri has no right to administratively appeal a USCIS rejection of its filing. 8 C.F.R. § 103.2(a)(7)(iii)**.** Therefore it cannot be said to have failed to exhaust its administrative remedies.

## STATEMENT OF RELEVANT FACTS

4. On January 30, 2020 the USCIS revoked Woo Ri's immigrant visa petition upon behalf of Mi Joung Kim.

5. Following the filing of a Form I-290B on March 4, 2020 by Woo Ri in response to that decision, the USCIS issued a "Reopen Notice" dated December 7, 2020 stating in relevant part that "We have reviewed the application or petition ("your case") listed above. We are treating the appeal filed for your case listed above as a USC1S motion to reopen or USCIS motion to reconsider."

6. On December 9, 2020 the USCIS, through its Nebraska Service Center Director, issued a decision in File No. LIN 2090247411, stating in relevant part that "Your motion was filed 34 days after the denial decision. Your motion was received untimely and you have given no excusable reason for the delay. Therefore, your motion is rejected."

## CAUSE OF ACTION

**THE DECISION REJECTING WOO RI'S FORM I-290B IS NOT IN ACCORDANCE WITH LAW BECAUSE IT IS CONTRARY TO USCIS REGULATIONS**

I. **THE USCIS' REJECTION OF WOO RI'S FORM I-290B WAS CONTRARY TO 8 CFR §§ 103.2(a)(7)(ii), 103.3(a)(2)(v)(B)(2) AND 103.5(a)(2)**

7. **8 C.F.R. § 103.2(a)(7)(ii)** provides in relevant part that:

    (ii) A benefit request will be rejected if it is not:…
    **(C)** Filed in compliance with the regulations governing the filing of the specific application, petition, form, or request

8. **8 C.F.R. § 103.3(a)(2)(v)(B)(2)** provides that:

    If an untimely appeal meets the requirements of a motion to reopen as described in §103.5(a)(2) of this part or a motion to reconsider as described in §103.5(a)(3) of this part, the appeal must be treated as a motion, and a decision must be made on the merits of the case

9. **8 C.F.R. § §103.5(a)(2)** provides in relevant part that:

    A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence."

10. The Form I-290B filed by Woo Ri stated the following new facts to be provided in the reopened proceeding which were supported by affidavits or other documentary evidence:

    1. That Woo Ri (the petitioner) intends to employ the Mi Joung Kim (the beneficiary) as a chef when she becomes a permanent resident. It is supported by the following documentary evidence: the petitioner's owner's statement to that effect.
    2. That the petitioner had sufficient funds to pay 2 of its I-140 beneficiaries in 2017, that is, Kyung Joo Kim and Mi Joung Kim. Had the petitioner been required to pay both beneficiaries their full wage in 2017 it could have done so by reducng CEO/Owner's salary from $66,000 to $13,600. This would have turned the company from running a loss of $26,557 to earning a profit of $25,843. Since the amount actually paid the beneficiaries was $23,510 less than the wage offered in the labor certification this reduction of the owner's wages would have been sufficient to enable the petitioner to pay both beneficiaries the offered wage. Further, it is reasonable to accept the CEO/Owner's assurances in enclosed personal statement that he would be willing to make this reduction because the CEO/Owner did in fact reduce his salary to $13,600 in 2018. In fact, reducing his wage to $13,600 would leave the CEO/Owner and his wife with more income in 2017 than they had in 2018, and therefore was self-evidently a sufficient amount for them to live on in 2017, since they lived on even less in 2018.
    3. The petitioner has withdrawn its I-140 upon behalf of Sung Min Park and therefore there is no need to establish its ability to pay her in 2017. Its notice of withdrawal is included.

4. The petitioner now submits tax transcript for its returns for 2013-2018, which it submits are equally reliable as "certified" tax returns.

**11.** Therefore Woo Ri's Form I-290B was **f**iled in compliance with the regulations governing the filing of untimely appeals, and so the USCIS' decision rejecting it was not in accordance with 8 CFR **§§** 103.2(a)(7)(ii).

II. **THE USCIS' REJECTION OF WOO RI'S FORM I-290B WAS CONTRARY TO 8 CFR §§ 103.2(a)(7)(ii), 103.3(a)(2)(v)(B)(2) AND 103.5(a)(3).**

12. 8 C.F.R. § 103.5(a)(3) provides that:

> Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

13. Woo Ri's Form I-290B stated the following reasons for reconsideration and was supported by pertinent precedent decisions and other authority as set forth below establishing, when filed, that the revocation decision was incorrect based on the evidence of record at the time of the initial decision. Specifically, the Form I-290B stated in relevant part that:

1. The decision incorrectly applied USCIS policy that "Form I–140 petitions are for prospective employment," 81 FR 82416, and therefore there is no requirement a beneficiary assume the offered employment prior to becoming a permanent resident. This is the position of the Department of Labor as well. *Matter of: Bally Gaming, Inc*, 2012-PER-01729 (September 2, 2016). In *Bally*, the Certifying Officer (CO) denied certification because the beneficiary had been working in H-1B status at the time of filing in a location different from that indicated in the job offer portion of the Form ETA 9089. The Board of Alien Labor Certification (BALCA) reversed the denial and rejected the CO's reasoning, finding that "there is no legal requirement that an employer's PERM application be for the same position in which a sponsored alien is employed under an H1B visa." Accordingly the decision incorrectly applied USCIS policy by revoking a Petition

for Immigrant Worker because the beneficiary was not employed in the offered position or in a full time position prior to becoming a permanent resident.

2. The decision incorrectly applied 8 C.F.R. § 204.5(g)(2). This section provides in relevant part that: " Any petition filed by or for an employment-based immigrant which requires an offer of employment must be accompanied by evidence that the prospective United States employer has the ability to pay the proffered wage." This regulation plainly only requires that the prospective United States employer show its ability to pay the wage proffered the employment based immigrant who is the subject of the petition." The decision misapplied this section by requiring the employer to not only establish that it had the ability to pay the wage offered to the employment-based immigrant for whom the petition was filed, but other prospective employees as well. "We do not look past the unambiguous meaning of statutory language except in those rare circumstances where strict adherence to the text would lead to an absurd or bizarre result that is "'demonstrably at odds with the intentions of its drafters.'" *Matter of Briones*, 24 I&N Dec. 355 (BIA 2007). Further, "we look to general rules of statutory construction to interpret and analyze the pertinent regulations", *Matter of H-N-*, 22 I. & N. Dec. 1039, 1041 (B.I.A. October 13, 1999). The decision does not claim that unambiguous meaning of 8 C.F.R. § 204.5(g)(2) is demonstrably at odds with the intention of its drafters. Therefore the decision incorrectly applied 8 C.F.R. § 204.5(g)(2) and so was incorrect based upon the evidence of record at the time of the initial decision.

3. The decision misapplied the BIA's decision in *Matter of Estime*, 19 I & N Dec. 450 (BIA 1987) which provides in material part, "the notice of intention to revoke must include a specific statement … of the facts underlying the proposed action". Here, the notice of intent to revoke did not contain any statement that the I-140 approval should be revoked because the petitioner failed to submit "certified" tax returns in support of its ability to pay the offered wage. Therefore the decision misapplied the law when it revoked the petition because "certified tax returns were requested, but were not submitted. The copies of your tax returns are not sufficient to support your claims establishing your ability to pay the offered wages from the time of the priority date, and continuing until the individuals obtain lawful permanent residence". Accordingly, the decision was incorrect based upon the evidence of record at the time of the initial decision.

4. The decision further misapplied the BIA's decision in *Estime* by not including in the Notice of Intent to Revoke the "full investigative report" upon which the notice was based. This is illustrated by the fact that the Revocation Notice contained many more facts from this report than were contained in the notice of intent to revoke, although it still did not contain the "full investigative report". Further, the notice of intent to revoke did not indicate which statements were direct quotes from the owner of the petitioner and were paraphrases and which were inference drawn by the investigator.

5. The decision misapplied 22 C.F.R. § 655.30(d) which permits labor certifications to be invalidated because "of fraud or willful misrepresentation of a material fact involving the labor certification application." However, the decision failed to identify any fraud on the labor certification, nor any fact, material or otherwise, which was misrepresented on the application, willfully or otherwise. In particular, although the decision asserts that "as the beneficiary is not being employed full-time, and is not being employed as a Korean Chef,

you have willfully misrepresented two material facts in the labor certification", in fact nowhere in the labor certification is it claimed that the beneficiary is being employed full-time, and is being employed as a Korean Chef." Quite the contrary, the labor certification expressly negates both of these assertions. Part K of the Forms ETA 9089 instructs the employer to "(l)ist all jobs the alien has held during the past 3 years. Also list any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification." In response the employer lists one and one job, at Dae Moon Korean Restaurant in South Korea from 3/01/2002 to 9/30/2004. The inescapable implication of that statement, made under penalty of perjury, is that the beneficiary was not employed at the time of the filing of the labor certification. Therefore the decision is wrong when it claims that although the decision asserts that "as the beneficiary is not being employed full-time, and is not being employed as a Korean Chef, you have willfully misrepresented two material facts in the labor certification" when in fact the employer made no such representation whatsoever. Accordingly, the decision was incorrect based upon the evidence of record at the time of the initial decision.

14. Therefore Woo Ri's Form I-290B was filed in compliance with the regulations governing the filing of untimely appeals, and so the USCIS' decision rejecting it was not in accordance with 8 CFR §§ 103.2(a)(7)(ii).

### III. THE USCIS' REJECTION OF WOO RI'S FORM I-290B WAS CONTRARY TO 8 CFR §§ 103.2(a)(7)(ii) AND 103.5

15. Neither 8 C.F.R. § 103.5 nor any other regulation or law imposes a time limit on USCIS motions to reconsider or reopen.

16. Therefore, inasmuch as Woo Ri's Form I-290B was to be treated as a USCIS motion, it was not contrary to 8 C.F.R. § 103.5 or any other USCIS regulation and so its rejection was not in accordance with 8 CFR § 103.2(a)(7)(ii).

**CONCLUSION**

Inasmuch as the decision complained of in this action was not in accordance with law, it should be held unlawful and set aside. 5 U.S.C. § 706(2). Further, inasmuch as the defendant's arbitrary decision has unreasonably delayed a proper adjudication in this matter, the defendant should be compelled to render a new decision forthwith upon this Court's Order setting aside its decision rejecting Woo Ri's Form I-290B. 5 U.S.C. § 706(1).

Respectfully Submitted this 18th day of January, 2021

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Transnational Legal Services P.C.
1955 W. Hamlin Rd. Ste 100
Rochester Hills, MI 48039
646/845-9895
Fax: 206-770-6350
Michaelpiston4@gmail.com