UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WOO RI VILLAGE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-0159 (DLF) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**CONSENT MOTION AND MEMORANDUM TO**
**STAY PROCEEEDINGS PENDING ADMINISTRATIVE ACTION**

Defendant U.S. Citizenship and Immigration Services ("Defendant" or "USCIS"), by and through the undersigned counsel, respectfully moves to stay proceedings pending administrative action.[1] Pursuant to Local Civil Rule 7(m), counsel for USCIS conferred with Plaintiff's counsel via telephone on March 26, 2021, who consented to the requested stay.

This matter arises out of USCIS' decision to revoke Plaintiff Woo Ri Village Inc.'s Form I-140, Petition for Immigrant Worker (hereinafter, "petition"), submitted on behalf of Mi Joung Kim. Compl. (ECF No. 1) ¶ 4. On March 4, 2020, Plaintiff filed a Form I-290B motion to reopen or reconsider the revocation. *Id*. ¶ 5. On December 9, 2020, the filing of the I-290B was rejected as untimely. *Id*. ¶ 6. In the instant litigation, Plaintiff challenges the rejection of the I-290B as contrary to law and therefore should be held unlawful pursuant to the Administrative Procedure

---

[1] Defendant hereby moves to stay all proceedings in this matter, including Defendant's response to Plaintiff's Complaint, currently due April 2, 2021. Should the Court deny Defendant's motion to stay, Defendant respectfully asks the Court to set the response date 14 days after the Court denies the motion.

Act, 5 U.S.C. § 706(2). *Id*. at 7. Since the filing of this lawsuit on January 22, 2021, USCIS reopened the petition on March 24, 2021. *See* USCIS Letter (attached hereto as Ex. A).

## ARGUMENT

USCIS' reopening of Plaintiff's petition nullified and rendered the challenged rejection of the I-290B moot and the underlying petition revocation decision (which is not challenged in this suit) non-final. Rather than expend the Court's and the parties' resources litigating an agency determination that is no longer operative, Defendant respectfully requests that this matter be stayed pending administrative action—*i.e.*, until the USCIS issues the new determination on Plaintiff's petition.

This Court has broad discretion to stay proceedings given that it is "inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In this case, a stay will conserve resources and potentially eliminate the need for further litigation. Thus, the interests of efficiency and judicial economy weigh in favor of staying this action to allow time for the parties to complete the administrative process, which may eliminate the need for further litigation.

Moreover, Plaintiff will not be prejudiced by a stay of proceedings to allow time for readjudication because the stay will more efficiently result in the very same relief that Plaintiff would be entitled to were Plaintiff to prevail in this case. *Cf. Bennett v. Donovan*, 703 F.3d 582, 589 (D.C. Cir. 2013) (observing that when a party prevails on a request that a court "set aside an unlawful agency action . . . it is the prerogative of the agency to decide in the first instance how best to provide relief"). In the accompanying proposed order, Defendant suggests filing a status report within thirty days of USCIS' final determination on Plaintiff's petition.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court stay proceedings in this matter pending further administrative action.

Dated: April 1, 2021                              Respectfully Submitted,

CHANNING D. PHILLIPS
D.C. BAR #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ *Sean M. Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2533
Email: Sean.Tepe@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOO RI VILLAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | Civil Action No. 21-0159 (DLF) |

**[PROPOSED] ORDER**

Upon consideration of Defendant's Consent Motion to Stay Proceedings Pending Administrative Action, applicable legal authorities, and the entire record herein, it is hereby:

**ORDERED** that Defendant's Motion to Stay Proceedings Pending Administrative Action should be, and hereby is, **GRANTED**; and it is further **ORDERED** that the matter is stayed pending further order of the Court; and it is further **ORDERED** that Defendant shall file a status report within thirty days of the U.S. Citizenship and Immigration Services' final determination on Plaintiff's Form I-140, Immigrant Petition for Alien Worker.

**SO ORDERED** this _____ day of _____, 2021.

_____
United States District Judge